UNITED STATES, Appellee

v

LARRY D. STACKHOUSE, Sergeant, U. S. Air Force, Appellant

No. 27,848

June 14, 1974

*Lieutenant Colonel James LaBar* argued the cause for Appellant, Accused. With him on the brief was *Colonel William E. Cordingly.*

*Captain Fred W. Kuhn* argued the cause for Appellee, United States. With him on the brief was *Colonel C. F. Bennett.*

## OPINION OF THE COURT

DUNCAN, Chief Judge:

This case presents the familiar issue of whether the evidence against the accused was obtained by an illegal search and seizure.

On December 11, 1972, Sergeant Larry D. Stackhouse, the appellant, was apprehended by agents of the Air Force Office of Special Investigations and a customs inspector after he arrived at Andersen Air Force Base, Guam, from Thailand.[1]

The right to search by customs officials at ports of entry without probable cause or warrant is, of course, well established.

---

[1] As neither party relies on the presence and participation of the customs inspector in the apprehension and search, we attach no significance to it.

The agents possessed written authority to search the accused for suspected drugs. The search disclosed the presence of two packets of pure heroin in his socks.

The Government at the trial and before this Court concedes the written search authority was invalid. It contends, however, as it did at the trial that the search was valid as incident to a lawful apprehension of the accused based on probable cause. The defense, on the other hand, argues that no probable cause was made out and that, as the search was purportedly conducted pursuant to an invalid warrant, it cannot be changed after the fact into one incident to a lawful apprehension.

The defense's latter point is not well taken. Even though the agents purported to act pursuant to an invalid search warrant, if the accused was in fact apprehended on probable cause and searched incident to that apprehension, the search is still a proper one. Giordenello v United States, 357 U S 480 (1958); United States v Fleener, 21 USCMA 174, 44 CMR 228 (1972). There is no doubt that in this case the accused was apprehended as he left the aircraft and that the search was incident to that apprehension. The real question before us, then, is whether probable cause existed for his arrest.

The arrest was based on information furnished by a confidential informant to Agent Ten Eyck on a daily basis from December 4, 1972, until the day of the accused's arrest. According to the informant, the accused, Prevot, Madden, Dublin, and Sanders frequented a green house in Dededo, Guam, where they engaged in drug transactions. The house contained a statue of Buddha, with a compartment in which drugs were kept. The house was rented by Prevot.

The informant also advised the agent that the accused lived in the Tin City Barracks area and that he was going to Thailand with a fund of $1,800 with which to purchase heroin. Prevot and Sanders were already in Thailand and were also to bring back heroin. He also informed Ten Eyck that Scottie, a bartender at LaPaloma Bar, sold heroin and

that the LaPaloma was used for illicit sexual activities.

Ten Eyck verified that the accused lived in the Tin City barracks area and that he had flown to Thailand on December 2 for a 10-day leave. He personally drove to the location given by the informant in Dededo and found the green house to be there. On December 6, local police raided the green house and found Madden, Dublin, Prevot, and two young girls there. They also found the Buddha statue and heroin. The statue contained a secret compartment but it was empty.

Ten Eyck also discovered that Prevot had been to Thailand and returned on December 5. Sanders also was in Thailand and, on his return on December 6, a customs search disclosed that he was carrying heroin.

The information concerning Scottie and the LaPaloma Bar was verified by the Guamanian police. In short, every bit of the information given Ten Eyck by the informant, except the actual fact that the accused had heroin in his possession at the time of the search, substantially was verified by Ten Eyck prior to the accused's apprehension.

To support the existence of probable cause, based on information furnished by an informant, the officer must testify to circumstances that establish (1) the reliability of the informant, and (2) justification for the arrest of the accused. Aguilar v Texas, 378 US 108 (1964); United States v Scarborough, 23 USCMA —, 48 CMR — (April 19, 1974); United States v Lidle, 21 USCMA 455, 45 CMR 229 (1972). In this case, there is little doubt that the information furnished Agent Ten Eyck as to the accused's trip to Thailand for the purpose of purchasing heroin made out probable cause for his arrest on his return, if it was reliable. Indeed, appellate defense counsel addresses himself principally to the argument that the information was not shown to be reliable.

It is true that the informant had not been previously used by Agent Ten Eyck and that he could not testify to his reliability in other cases. Compare United States v Scarborough, supra. Nevertheless, we are satisfied that the

record fully established the reliability of the informant prior to the accused's arrest. Every item of information furnished to Agent Ten Eyck was checked by him and found to be accurate. Accused in fact lived in Tin City. The house in Dededo met the informant's description and those apprehended there with heroin in their possession were some of the persons named by the informant as habitues of the house. The accused had in fact departed on a 10-day leave to Thailand and the date of his return was established through agents in Thailand. More importantly, information that Sanders was also returning from Thailand with heroin was absolutely verified when customs officers discovered the drug on his person upon his reentry into Guam.

Given this foundation, the reliability of the information concerning the accused can, as found by the military judge, be said to be satisfactorily established. Compare Draper v United States, 358 U S 307 (1959). The important consideration is that the officers be in possession of reasonably trustworthy information that justifies the apprehension of the accused. Ker v California, 374 U S 23 (1963). In this case in which the accuracy of the information was so strongly established by Agent Ten Eyck's investigation, we conclude that probable cause to arrest and search the accused was made out. Accordingly, the heroin found in his possession was properly admitted in evidence.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge QUINN and Senior Judge FERGUSON concur.